1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
2  **MANNING LAW, APC**
   20062 S.W. Birch St., Suite 200
3  Newport Beach, CA 92660
   Office: (949) 200-8755
4  DisabilityRights@manninglawoffice.com

5

6  Attorney for Plaintiff: JAMES RUTHERFORD

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11
   JAMES RUTHERFORD, an
12
   individual,
13
                    Plaintiff,
14
15 v.
16
17 NITES INN CORPORATION, a
   California corporation; and DOES 1-
18 10, inclusive,
19
20                 Defendants.
21
22

**Case No**. 5:19-cv-02165-JGBS-SHK

**MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**

**Date:**   July 6, 2020
**Time:**   9:00 a.m.
**Courtroom:** 1

**Honorable Jesus G. Bernal**

23
24
25
26
27
28

---

**MOTION FOR LEAVE TO AMEND COMPLAINT**
1

1

## I.   <u>INTRODUCTION</u>

2

On November 11, 2019, Plaintiff JAMES RUTHERFORD ("Plaintiff") filed
the complaint in this case alleging violations of the Americans With Disabilities
Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). [ECF No. 1]. The
Plaintiff's Complaint alleges that Park Avenue Inn and the property on which it is
located at 15401 Park Avenue East, Victorville, California 92392 ("Subject
Property") is owned and operated by Defendant NITES INN CORPORATION are
not accessible to persons with disabilities.

On December 13, 2019, Defendants filed an Answer. [ECF #12]

On April 4, 2020, Plaintiff's expert, Kenneth Arrington who is a Certified
Access Specialist ("CASp"), inspected the Subject Property.

Plaintiff moves for leave to amend his Complaint to more specifically
describe the barriers to access encountered by Plaintiff and identified by a
professional CASp investigator.

## II.   <u>LEGAL STANDARD</u>

Rule 15(a) of the Federal Rules of Civil Procedure gives parties the
opportunity to amend their pleadings in two different circumstances. The first
circumstance, which is not available to Plaintiff at this time, is *Amending as a
Matter of Course.* This is an automatic amendment that is allowed as long as it is
done either before a response to the pleading is filed or 20 days after the pleading
sought to be amended is filed.[1]

Secondly, if time has passed or a responsive pleading has been filed, the
amending party's only other option is to either seek the consent of the opposing
party to amend, or obtain leave to amend from the court.[2]  When seeking leave to
amend from the court, the court will give leave to amend "when justice so

---

[1] FRCP 15(a)1

[2] FRCP 15(a)2

requires."[3] Generally, leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate.[4]  It may be denied where it creates an element of undue surprise or prejudice to the opposing party.[5]  Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better-pleaded claim.[6]  Where a deficiency could be cured by an amendment, leave to amend should be granted.[7]

## III.   <u>ARGUMENT</u>

Plaintiff seeks leave of Court to amend his Complaint to provide more specificity regarding access barriers that exist at Defendants' business property and encountered by Plaintiff, identified by a professional CASp investigator during a April 4, 2020, inspection.

Motions to Amend should be granted as justice so requires and Plaintiff is entitled to relief from Defendants based upon a Complaint conforming to the evidence which seeks complete relief. As such, justice requires that Plaintiff be granted leave to amend Plaintiff's operative pleading.

Motions to amend should only be denied if granting the motion would cause undue surprises or prejudice to other party. At this stage of litigation and the nature of the requested amendment, Defendants' strategy in defending this matter will be

---

[3] FRCP 15(a)2

[4] <u>United States ex rel. Lee v. SmithKline Beecham, Inc.</u>, 245 F. 3d. 1048, 1052 (9th Cir. 2001) (Weighing bad faith undue delay, prejudice and futility)

[5] <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F. 3d 1048 1052 (9th Cir 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.")

[6] <u>Popp Telcom, Inc. v. American Sharecom, Inc.</u>, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.")

[7] <u>Lopez v Smith</u>, 203 F. 3d 1122, 1130 (9th Cir. 200) (leave to amend should be granted even if not requested).

---

**MOTION FOR LEAVE TO AMEND COMPLAINT**

minimally affected as Defendants and defense counsel are readily familiar with both the allegations and associated causes of action. Indeed, Plaintiff's Complaint states that Plaintiff will seek to inspect the Subject Property and amend the Complaint upon completion of the inspection. [ECF No. 1 *at* p.4]. Since the amended Complaint would not materially change any position Defendants have taken, this would not constitute undue surprise on the Defendants.

For the reasons discussed above, Plaintiff's amendment would not adversely affect Defendants' defenses. Thus, it would not constitute undue prejudice on Defendants as the opposing parties.

## IV.    <u>CONCLUSION</u>

This Court should grant Plaintiff leave to amend Plaintiff's Complaint because justice does so require. It would not cause undue surprise or prejudice to Defendants because it neither adversely affects Defendants, nor does it substantially change Defendants' defenses. In no way does it cause prejudice to Defendants as Defendants are already preparing to defend in relatively the same manner as it would after an amendment to Plaintiff's operative pleading. Therefore, in weighing these factors, this Court should grant Plaintiff's Motion for Leave to Amend the Complaint.

Dated: June 1, 2020                    Respectfully Submitted,

**MANNING LAW, APC**

By: <u>/s/ Joseph R. Manning Jr., Esq.</u>
     Joseph R. Manning Jr., Esq.
     Attorney for Plaintiff

---

**MOTION FOR LEAVE TO AMEND COMPLAINT**