FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com

Attorney for Defendant
NITES INN CORPORATION,
a California corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> NITES INN CORPORATION, a California corporation and DOES 1-10, Inclusive, <br><br> Defendants. | Case No. CV19-02165-JGB-SHK <br><br> **EX-PARTE APPLICATION TO CONTINUE MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE OPPOSITION TO MOTION; DECLARATION OF FRANK A. WEISER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE: August 31, 2020 <br> TIME: 9:00 A.M. <br> CTRM: 1 |

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the Defendant NITES INN CORPORATION, a California corporation ("Defendant") and I make this declaration in support of the instant ex-parte application for an order to continue the motion for summary judgment ("MSJ") filed by the Plaintiff JAMES RUTHERFORD ("Plaintiff"), or in the alternative for an order for an extension of time to file an opposition to the MSJ.

2. The case was filed on November 11, 2019.

3. The Defendant filed an Answer to the Complaint on December 13, 2019.

4. On February 28, 2020, the Court issued a scheduling order setting the following: Amended Pleadings due by 6/1/20; Discovery Cut-Off by 6/22/20; Motions Cut-Off by 8/31/20;; Last Date to Conduct Settlement Conference by 7/20/20; Final Pre-Trial Conference by 10/19/20; and Trial set for 11/03/20.

5. On June 1, 2020, the Plaintiff filed a motion for leave to file a First Amended Complaint ("FAC").

6. On June 29, 2020, the Court granted the parties joint stipulation to permit Plaintiff to file a FAC which Plaintiff did on June 30, 2020.

7. On July 23, 2020, the Defendant filed an Answer to the FAC.

8. No discovery has been conducted by the Defendant as to the FAC which now adds additional extensive allegations at paragraph 12 of architectual barriers allegedly in violation of the American Disabilities Act, 42 U.S.C. Section 12181, et seq.

9. On August 3, 2020, the Plaintiff filed this MSJ

10. The Defendant requests that the motion for MSJ be continued to permit a deposition of the Plaintiff and his expert as to the addiional allegation set forth in the FAC.

11. Further, the Defendant requests, in the alternative, additional time to file an opposition to the MSJ due to his heavy backlog in his trial and appellate calendar.

12. I have had medical problems and family medical issues primarily with my daughter related to the removal of a large kidney stone that has caused a serious backlog in my heavy trial and appellate calendar.

13. Further, tragically, I recently lost my brother-in-law in New York City to the Covid 19 pandemic in early April and then my wife's first cousin, who also resided in New York City, passed away in the first week of May. My brother-in law, Rabbi Solomon Koenig, and my wife's first cousin, Rabbi Yonason Binyamin Goldberger were prominent rabbinical figures residing in Brooklyn, NY. and their passing was reported in various newspapers and can be found on the Internet

14. My daughter still requires surgery to remove her kidney stone as her previously scheduled surgery this past March was postponed due to the pandemic, and she is being tretated by a urologist Arash Akhavein, M.D., of Comprehensive Urology located at 8631 W. 3rd St, #715E, L.A., CA 90048.

15. During the recent Covid 19 quarantine my daughter developed severe pain and nausea from development of new kidney stones aside from the one that had been scheduled for surgery.

16. This required calling 911 to come to our house at the time and seeing and taking a CT scan later in the day; and my wife and I had her take additional tests in the last several weeks to determine with Dr. Akhavein as to the next course of action.

17. I am a sole practitioner, and as a result of the above, and also given the fact that I have not been working on a regular basis due to the pandemic, I am very backlogged my heavy trial and appellate calendar and I have not been able to complete the opposition to the MSJ..

18. Because of my backlog, I have sought and have been granted other extensions of time in other cases, and recently, I was granted me extensions of time in the unrelated cases of <u>City of Long of Beach v Patel</u> Court of Appeal Case No. B302478; <u>City of Los Angeles v Patel</u> Court of Appeal Case No. B306094; <u>City of Los Angeles v Patel</u> Court of Appeal Case No. B306097; <u>Patel v Su</u>, Court of Appeal Case No. B294686..

19. I also have an Appellant's Opening Brief due in the Ninth Circuit that I am working on at present and that is already late due to my backlog in the case of <u>Janiec v City of Glendora</u>, Ninth Circuit Case No. 20-55234; in addition to other briefs that I am working on that are pending in the Ninth Circuit.

20. I have practiced extensively before state and federal trial courts here in California and in the Ninth Circuit for approximately thirty years primarily specializing in civil rights cases on behalf of Asian-Indian motel owners and operators such as plaintiffs

21 Some of my published cases are <u>City of Los Angeles v Patel</u>, 576 U.S. 409 (2015) (affirming in a 5-4 decision the Ninth Circuit's en banc decision facially invalidating on Fourth Amendment grounds a motel search ordinance that authorized law enforcement to

search motel registers on demand without consent or a warrant) (Patel v City of Los Angeles, 738 F.3d 1058 (9th Cir. 2013) (en banc)); Herrera v City of Palmdale, 918 F.3d 1037 (9th Cir. 2019); Patel v City of Montclair, 798 F.3d 895 (9th Cir. 2015); Patel v City of San Bernardino, 310 F.3d 1134 (9th Cir. 2002); Patel v Penman, 103 F.3d 868 (9th Cir. 1996).

22. It is also my understanding that the Central District is presently not holding jury trials due to the Covid 19 pandemic and therefore it is my belief that the Plaintiff will not be prejudiced by a continuance of the MSJ.

23. Thus, I respectfully request that the Court grant this application and cointinue the MSJ to October 5, 2020, or in the alternative to permit the Defendant until Tuesday, August 18, 2020 to file an opposition to the MSJ, with Plaintiff's reply due by Tuesday, August 25, 2020, or whatever time or dates the Court deems reasonable. Should the Court be inclined to grant this application, I respectfully request that nothing be scheduled on Monday, September 28, 2020, as my office will be closed in observance of the Jewish High Holiday of Yom Kippur and on October 8-9, 2020, as my office will be closed in observance of the last days of the Jewish Holiday of Sukkoth..

24. On Monday, August 10, 2020, at approximately 12:00 p.m., I spoke to Phyl Grace, Esq., an associate in the law firm of Joseph R. Manning, Esq., counsel for Plaintiff, informing her that I would be seeking this ex-parte application.

25. Ms. Grace told me that she would inform the attorneys working on the MSJ and that they would get back to me as to their position on the application.

26. At present, I have not heard back from Plaintiff's counsel as to their position on the application.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 11th day of August 2020 at Los Angeles, California.

                                                                          /s/ Frank A. Weiser  
                                                                          FRANK A. WEISER

I.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. THIS REQUEST SHOULD BE GRANTED AS THERE IS GOOD CAUSE FOR THE EXTENSION TO CONTINUE THE MSJ OR TO FILE AN OPPOSITION**

In <u>Ahanchian v Xenon Pictures, Inc.</u>, 624 F.3d 1253 (9th Cir. 2010), the Ninth Circuit held that an attorney who requested a one week extension in opposing a motion for summary judgment should not have been denied his request as the Federal Rules of Civil Procedure "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Id. at 1258 (quoting Rodgers v Watt, 722 F.2d 456, 459 99th Cir. 1983).

In doing so, the Ninth Circuit held that Federal Rule of Civil Procedure 6(b)(1)'s authorizing a district court to extend the time in which an act may be done for "good cause" is a non-rigorouis standard that been construed broadly across pricedural and statutory contexts. Id. (citing numerous out of circuit cases to such effect).

In this case, the FAC and Answer to the FAC were filed after the Court's intial discovery cut-ff date. The FAC adds extensive allegations as to the claimed architectual barriers Plaintiff encountered at the Defendant's motel. The Defendant could not have taken discovery on these new issues within the Court's original order.

Further, counsel's family health issues which has caused a backlog that prevents him from meeting the deadline in file the MSJ opposition on the due date, coupled with the fact

that the that the FAC adds new allegations favors under <u>Ahanchian</u> that this application be granted.

## II.

## CONCLUSION

For all the foregoing reasons, the Defendant respectfully request that this ex-parte application be granted.

DATED: August 11, 2020                    Respectfully submitted,

                                           LAW OFFICES OF FRANK A. WEISER

                                           By: _/s/ Frank A. Weiser_
                                           FRANK A. WEISER, Attorney for Defendant NITES INN CORPORATION, a California corporation