UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-2165 JGB (SHKx)** | Date | November 12, 2020 |
| Title | *James Rutherford v. Nites Inn Corporation, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Plaintiff's Motion for Summary Judgment (Dkt. No. 26); and (2) VACATING the November 16, 2020 hearing. (IN CHAMBERS)

Before the Court is Plaintiff James Rutherford's Motion for Summary Judgment. ("Motion," Dkt. No. 26.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  Upon consideration of the papers filed in support of and in opposition to the Motion, the Court DENIES Plaintiff's Motion and VACATES the November 16, 2020 hearing.

## I.  BACKGROUND

This case is brought under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act.  On November 11, 2019, Plaintiff filed his complaint against Defendants Nites Inn Corporation ("Nites Inn") and Doe Defendants, which he amended on June 30, 2020. ("Complaint," Dkt. No. 1; "FAC," Dkt. No. 24.)  On August 3, 2020, Plaintiff filed the Motion along with the following documents:

- Statement of Undisputed Facts ("PSUF" Dkt. No. 26-2);
- Declaration of Kenneth Arrington ("Arrington Declaration," Dkt. No. 26-3);
- Exhibits to the Declaration of Kenneth Arrington (Dkt Nos. 26-4, 26-5);
- Declaration of Joseph R. Manning (Dkt. No. 26-6);
- Exhibits to the Declaration of Joseph R. Manning (Dkt. Nos. 26-7, 26-8);
- Declaration of James Rutherford ("Rutherford Declaration," Dkt. No. 26-9); and

- Exhibits to the Declaration of James Rutherford (Dkt. Nos. 26-10, 26-11, 26-12).

On November 2, 2020, Nites Inn opposed the Motion. ("Opposition," Dkt. No. 34.) In support of the Opposition, Nites Inn submitted the following documents:

- Statement of Genuine Dispute of Material Facts and Additional Disputed Facts ("DSUF" Dkt. No. 33);
- Declaration of Chris Chauhan ("Chauhan Declaration," Dkt. No. 32); and
- Exhibits to the Declaration of Chris Chauhan (Dkt Nos. 32-1, 32-2, 32-3).

On November 9, 2020, Plaintiff replied to the Opposition. ("PSUF Reply," Dkt. No. 35.) In support of the Reply, Plaintiff submitted the following documents:

- Declaration of Joseph R. Manning (Dkt. No. 35-1);
- Exhibits to the Declaration of Joseph R. Manning (Dkt. Nos. 35-2, 35-3); and
- Evidentiary Objections to the Declaration of Chris Chauhan (Dkt. No. 36).

## II.   FACTS

### A. Undisputed Facts

Except as noted, the following material facts are sufficiently supported by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for purposes of the Motion. See Fed. R. Civ. P. 56(e)(2); L.R. 56-3.

The only facts on which the parties agree are that Nites Inn is a motel and a California corporation, and it is the current owner of the property located at or about 15401 Park Avenue East, Victorville, California. (DSUF ¶ 10.)

However, in deciding Motions for Summary Judgment, if a party fails to properly address another party's assertion of fact, a court may consider the fact undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e). Plaintiff asserts the following facts that are not properly addressed by Nites Inn: Plaintiff James Rutherford is disabled and is substantially limited in performing one or more major life activities, including but not limited to walking, standing, and grasping objects. (PSUF ¶ 1.) Mr. Rutherford relies on mobility devices, including at times a wheelchair, to ambulate. (Id. ¶ 2.) Nites Inn attempts to dispute these facts by citing to the Chauhan Declaration, which does not actually dispute that Mr. Rutherford is disabled. (DSUF ¶¶ 1-2.)

Further, Plaintiff submits that on April 4, 2020, Mr. Rutherford's investigator and Certified Access Specialist (CASp) Kenneth Arrington investigated the Nites Inn and took photos of his findings. (PSUF ¶ 11; Arrington Declaration.) Mr. Arrington found a number of architectural barriers to access at the motel. Specifically, he found:

- The slopes at the intermediate landing between two parking lot ramps, ramp run #1 and ramp run #2, measure as high as 3.0%, exceeding the minimum slope measurement of 2.08% allowed under the ADA.  (Id. ¶ 12.)
- Slopes at the intermediate landing between ramp run #2 and ramp run #3 measure as high as 2.9%.  (Id. ¶ 13.)
- Slopes at the bottom landing of one ramp vary between 2.6% and 3.0%.  (Id. ¶ 14.)
- In the Nites Inn parking lot, there is an abrupt change in level from the sidewalk measuring as high as 6".  (Id. ¶ 15.)
- There is a running slope measuring as high as 9.1% leading from the accessible route to the main entrance of the Nites Inn.  (Id. ¶ 16.)
- There is a cross slope measuring between 4.2% and 4.3% leading from the accessible route to the main entrance of the Nites Inn.  (Id. ¶ 17.)
- The slope of the accessible route extending from the ramp to the motel lobby measures as high as 5.5%.  (Id. ¶ 18.)
- The main entrance door to the motel does not have a smooth uninterrupted surface on the bottom 10" of the push side of the door that extends the full width of the door.  (Id. ¶ 19.)
- The interior service counter measures 48" above the finished floor, which exceeds the required 36" long minimum and required 36" high maximum above the finished floor for adequate maneuvering clearance for wheelchair users.  (Id. ¶ 20.)[1]
- The night sales service counter measures 42 ¾" above the finished floor, which exceeds the required 36" long minimum and a required 36" high maximum.  (Id. ¶ 21.)
- The south side walkway is too narrow.  (Id. ¶ 22.)
- The west side walkway is too narrow.  (Id. ¶ 23.)
- The stairway adjacent to room 137 creates a vertical hazard for the visually impaired.  (Id. ¶ 24.)[2]
- There is an inadequate number of van accessible spaces and accessible spaces provided on the property for the total number of 64 parking spaces provided.  (Id. ¶ 25.)
- The existing access aisles at the southeast accessible space do not adjoin an accessible route, restricting access to the existing curb ramp when a vehicle is parked.  (Id. ¶ 26.)
- There is an inadequate width for both accessible aisles in the parking lot.  (Id. ¶ 27.)
- The access aisle does not adjoin an accessible route from the front of the accessible aisle or from the rear of the accessible aisle.  (Id. ¶ 28.)
- There is inadequate width for both the accessible van space and the accessible aisle.  (Id. ¶ 29.)
- There are cracks and holes in the Nites Inn parking area pavement with gaps measuring as wide as 3 ½" and abrupt vertical changes which measure as high as 1 ½".  (Id. ¶ 30.)

---

[1] Mr. Arrington's photos of the service counters do not include photos of the lower counter intended for wheelchair-using patrons of the motel included in the exhibits to the Chauhan Declaration.  (See Dkt. No. 32-2.)  As such, facts related to height of the service counters in the lobby of the motel are considered disputed.

[2] While this fact is not disputed, there are no facts suggesting Mr. Rutherford is visually impaired.  This fact is therefore not relevant to Mr. Rutherford's claims.

- There are curb ramp flares measuring between 14.5% (10% maximum) and 19.9% (10% maximum) caused by a built-up curb ramp.  (Id. ¶ 31.)
- There is swimming pool door hardware that cannot be easily grasped with one hand.  (Id. ¶ 32.)
- The walkway along the East side of the building measures 46" wide (48" minimum required) and the walkway width has been further reduced to only 22" (36" minimum allowed) at various locations due to both permanent and non-permanent obstructions.  (Id. ¶ 33.)

In its response disputing Mr. Arrington's findings, Nites Inn cites exclusively to the Chauhan declaration, in which Mr. Chauhan states that it is his personal opinion that the walkways are not too narrow and Nites Inn has hosted disabled guests in the past.  (See DSUF; Chauhan Declaration ¶¶ 6, 8-9.)  This is an insufficient response to Plaintiff's submission of dozens of photographs of the Nites Inn property measured by measuring tapes and levels.

**B. Disputed Facts**

The most serious disagreement between the parties as to the facts is as follows: Mr. Rutherford declares that on April 28, 2019, he went to Defendant's business for the dual purpose of booking a room and to confirm that it was accessible to persons with disabilities.  (PSUF ¶ 3; Rutherford Declaration.)  According to Mr. Rutherford, he returned to Defendant's business on October 10, 2019.  (PSUF ¶ 4; Rutherford Declaration.)  However, Mr. Chauhan, the owner and operator of Nites Inn, declares that there is no record of Mr. Rutherford registering with or coming into the motel on either April 28, 2019 or October 10, 2019.  (Chauhan Declaration ¶ 4.)  Mr. Chauhan also declares that he does "not believe there is any credible evidence that the Plaintiff ever attempted to access the Motel on the claimed dates," and notes that Mr. Rutherford did not specify what times of day he attempted to access the motel or what kind of vehicle Mr. Rutherford was in in order for Mr. Chauhan to verify information with Nites Inn employees.  (Chauhan Declaration ¶ 19.)

**C. Evidentiary Objections**

Both Plaintiff and Defendant make several evidentiary objections.  Because the Court does not consider any objected to evidence in its decision, all evidentiary objections are DENIED as moot.

### III.   LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of identifying the portions of the pleadings and record that it believes demonstrate the absence of an issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-

moving party's case. Id. at 325.  Instead, the moving party need only prove there is an absence of evidence to support the nonmoving party's case.  Id.; In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).  The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

If the moving party has sustained its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial.  Celotex, 477 U.S. at 324.  The non-moving party must make an affirmative showing on all matters placed at issue by the motion as to which it has the burden of proof at trial.  Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252.  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson, 477 U.S. at 248.  "This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence."  In re Oracle, 627 F.3d at 387 (citing Anderson, 477 U.S. at 252).

When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party.  Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991).  Thus, summary judgment for the moving party is proper when a "rational trier of fact" would not be able to find for the non-moving party based on the record taken as a whole.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV.   DISCUSSION

In the Ninth Circuit, "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability," that Plaintiff may sue.  Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011).  However, ADA plaintiffs must prove that they, personally, suffered discrimination as defined by the statute, which includes actually encountering barriers to access.  Id. at 946 ("[u]nder the oft-repeated standing formulation, [Plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to [Defendant's] actions, and that the injury can be redressed by a favorable decision.")

Accordingly, although the Court finds that Plaintiff James Rutherford is a person with a disability under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh") 42 U.S.C. § 12202; Cal. Civ. Code § 51(e)(1); Cal Gov't Code § 12926(m), and that Nites Inn is a place of public accommodation under Title III of the ADA; there is a genuine dispute of material fact as to whether Mr. Rutherford ever attempted to access the Nites Inn.  Though Mr. Rutherford declares that he did, Mr. Chauhan declares that he did not.  On summary judgment, the Court must construe evidence in the light most favorable to the non-moving party.

//
//

## V.   CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion.  The November 16, 2020 hearing is VACATED.

**IT IS SO ORDERED.**